United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                            Case No. 18-10773-mdc
Brian C. Anderson                                                 Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP    Page 1 of 1    Date Rcvd: Oct 31, 2018
                 Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 02, 2018.
db           +Brian C. Anderson,    3225 N. Park Street,    Philadelphia, PA 19140-5210

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 31, 2018 at the address(es) listed below:
      JOSEPH JASPER SWARTZ    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
       RA-occbankruptcy6@state.pa.us
      PAMELA ELCHERT THURMOND    on behalf of Creditor    City of Philadelphia pamela.thurmond@phila.gov,
       karena.blaylock@phila.gov
      REBECCA ANN SOLARZ    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
      United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
      ZACHARY   PERLICK    on behalf of Debtor Brian C. Anderson Perlick@verizon.net,
       pireland1@verizon.net
                                                                                                      TOTAL: 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian C. Anderson <br> Debtor | | CHAPTER 13 |
| M&T BANK <br> Movant <br> vs. | | NO. 18-10773 MDC |
| Brian C. Anderson <br> Debtor | | |
| William C. Miller Esq. <br> Trustee | | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,058.20**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | March 2018 to October 2018 at $503.40/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,058.20** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,058.20.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,058.20** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $503.40 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 9, 2018

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 10-22-18

Zachary Perlick, Esquire
Attorney for Debtor

Date: 10/29/18

William C. Miller, Esquire
Chapter 13 Trustee

*no position*
*without prejudice to any trustee rights or remedies*

Approved by the Court this 31st day of October, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman